UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
98 MAR -3 PM 2:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

BOBBY WAYNE KENNEDY, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV 97-S-3118-M
)
DANIEL S. GOLDIN, )
Administrator, National )
Aeronautics and Space )
Administration; ALEXIS )
HERMAN, Secretary of the )
United States Department of )
Labor; BEN L. ERDREICH, )
Chairman, United States Merit )
Systems Protection Board; )
)
Defendants. )

ENTERED
MAR 03 1998

## MEMORANDUM OPINION

This action is before the court on defendants' motion for sanctions and for more definite statement. Upon consideration of the pleadings and defendants' brief, this court concludes the motion for more definite statement is due to be granted, and, the motion for sanctions is due to be denied.

### I. DISCUSSION

Bobby Wayne Kennedy, acting *pro se*, filed the present action on December 1, 1997, asserting numerous acts of discrimination by defendants. Defendants contend that most of plaintiff's allegations already have been raised, considered, and dismissed in two previous actions: *Kennedy v. Goldin* (CV-94-N-0016-M), in which United States District Judge Edwin L. Nelson entered summary

judgment in favor of defendant on all claims;[1] and *Kennedy v. Goldin* (CV-95-S-3323-M), in which the undersigned entered partial summary judgment in favor of defendant.[2]

Upon review of the prior complaints, the court finds substantial overlap. For example, paragraphs 9-14 of the complaint in this action (CV-97-S-3118-M) are virtually identical to paragraphs 7-12 of the amended complaint in the first action (CV-94-N-0016-M), and, paragraphs 9-14 of the complaint in the second action (CV-95-S-3323-M). (*Compare* Defendants' Exhibits 1, 2, and 3.) Kennedy admits that some claims alleged in this action were presented in CV-94-N-0016-M and CV-95-S-3323-M.

> This action covers complaints 30 thru 34 joined complaints of discrimination and whistleblowing with the first ten discrimination complaints settled with a breach of contract complaint and the next of 23 J complaints and the whistleblowing complaints filed in a court action CV-94-N-0016-M and being revisited by the U.S. Court of Appeals for the Eleventh Circuit under Case No. 97-6053 and U.S. District Court Case CV-95-[S]-3323M now awaiting a decision by the U.S. Court of Appeals which may have a bearing on this case.

(Complaint ¶ 9.)

By letter of January 8, 1998, defendants attempted to persuade plaintiff to omit repetitious claims from his complaint or face a motion for sanctions pursuant to Rule 11, Fed. R. Civ. P. That elicited the following response in plaintiff's amended complaint filed January 29, 1998:

---

[1] The Eleventh Circuit Court of Appeals affirmed the district court's ruling in an unpublished opinion. *Kennedy v. Goldin*, 86 F.3d 1170 (11th Cir. 1996).

[2] This court's order of December 19, 1996, is currently on appeal to the Eleventh Circuit. The remainder of that case is stayed pending the circuit court's ruling.

2

> This amended complaint is being filed because the U.S. Attorney, Linda S. Trippe, wrote the plaintiff a letter and told him to change the complaint or she would ask the court to sanction the plaintiff. The plaintiff is amending the complaint to satisfy the U.S. Attorney's Office even though the plaintiff, Pro Se, feels that his constitutional rights are being violated into amending this complaint under threat of sanction motion being filed if the plaintiff does not honor the U.S. Attorney's request. The plaintiff, as ordered by the U.S. Attorney, is removing the 7 day suspension, the latest workman's compensation claim A6-659346 and any part of the complaint that has been previously tried in either CV-94-N-0016-M and CV-95-S-3323-M. Plaintiff reserves the right to refile on those issues. The Plaintiff believes these issues are proper before the court and asks permission to file a brief to reopen the reinstatement of these issues.

(Amended Complaint ¶ 3.) As this court pointed out to Kennedy in dismissing several of his claims on similar grounds in a prior case, "[t]he bar [of *res judicata*] extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Kennedy v. Goldin*, No. CV-95-S-3323-M, at 9 (N.D. Ala. Dec. 19, 1996)(unpublished decision)(quoting *Olmstead v. Amoco Oil Company*, 725 F.2d 627, 631 (11th Cir. 1984)(citation omitted)).[3]

Additionally, even those claims which may be raised here for the first time are impossible to discern, hidden as they are behind plaintiff's rote statutory citation and broad conclusory allegations. "The resulting difficulty in sorting through allegations almost drowns a meritorious claim in a sea of marginal ones." *Beckwith v. City of Daytona Beach Shores, Inc.*, 58 F.3d 1554, 1567 (11th Cir. 1995). Once before, in *Kennedy v. Goldin*,

---

[3] That decision is included in the record of this case as Defendants' Exhibit 8.

3

CV-95-S-3323-M, this court undertook "the cumbersome task of sifting through myriad claims, many of which [were] foreclosed by [various] defenses" arising from Kennedy's first litigation. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). If necessary, this court will do so again, claim by claim.

But first, plaintiff shall file an amended complaint presenting a more definite statement of his claims, "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996). In meeting that directive, the Federal Rules of Civil Procedure should be plaintiff's guideposts. Rule 8(a) instructs that a claim for relief "shall contain (1) <u>a short and plain statement</u> of the grounds upon which the court's jurisdiction depends, [and] (2) <u>a short and plain statement</u> of the claim showing that the pleader is entitled to relief." Rule 8(e) elaborates that "[e]ach averment of a pleading shall be <u>simple, concise, and direct</u>." Finally, Rule 10(b) requires that

> [a]ll averments of claim ... shall be made in numbered paragraphs, <u>the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances</u>.... Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.

Thus, like any other plaintiff, Kennedy's access to this court depends on full compliance with those rules, and elimination of <u>all</u>

4

matters already raised, considered, and dismissed by this court.

Plaintiff is cautioned that, if the amended complaint reveals continued obstinance in pursuit of claims already adjudicated, or claims which cannot be readily deciphered, he faces sanctions, including fines and dismissal of all claims in this action. Kennedy's *pro se* status is not an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.  CONCLUSION

For the foregoing reasons, the defendants' motion for more definite statement is due to be granted, and defendants' motion for sanctions is due to be denied without prejudice. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **3rd** day of March, 1998.

_____
United States District Judge