UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
98 AUG 14 PM 4:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

BOBBY WAYNE KENNEDY,                )
                                    )
     Plaintiff,                     )
                                    )
vs.                                 )    Civil Action No. CV 97-S-3118-M
                                    )
DANIEL S. GOLDIN,                   )
Administrator, National             )
Aeronautics and Space               )
Administration; ALEXIS              )
HERMAN, Secretary of the            )
United States Department of         )
Labor; BEN L. ERDREICH,             )
Chairman, United States Merit       )
Systems Protection Board;           )
                                    )
     Defendants.                    )

ENTERED
AUG 17 1998

## MEMORANDUM OPINION

Bobby Wayne Kennedy, appearing *pro se*, filed the present action on December 1, 1997, alleging numerous acts of discrimination and retaliation by various defendants. By order entered March 3, 1998, this court granted defendants' motion for more definite statement. In that motion, defendants assert that most of the claims asserted by plaintiff were alleged, considered, and dismissed in two prior cases: *Kennedy v. Goldin* (CV-94-N-0016-M), in which United States District Judge Edwin L. Nelson entered summary judgment in favor of defendants on all claims ("the 1994 action");[1] and *Kennedy v. Goldin* (CV-95-S-3323-M), in which this court entered partial summary judgment in favor of defendants ("the

---

[1] The Eleventh Circuit Court of Appeals affirmed the judgment in an unpublished opinion. *Kennedy v. Goldin*, 86 F.3d 1170 (11th Cir. 1996).

19.

1995 action").[2] After reviewing plaintiff's complaints in the 1994 and 1995 actions in conjunction with the pleadings in this case, this court found substantial overlap between plaintiff's allegations in prior actions and the case now before the court. Accordingly, the court's March 3, 1998 order granting defendants' motion for more definite statement directed plaintiff to amend his complaint, using the Federal Rules of Civil Procedure as his guide, and to delete any claims previously adjudicated on the merits, or still pending in the 1995 action, CV-95-S-3323-M. Plaintiff filed a second amended complaint, purporting to comply with the court's order, on March 16, 1998.[3] On March 30, 1998, defendants moved to dismiss the second amended complaint, and, renewed their motion for sanctions, for plaintiff's failure to comply with this court's order.

## I. DISCUSSION

### A. Standards of Review

"In this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff." *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979)[4](citations and internal quotation marks

---

[2]The Eleventh Circuit affirmed this court's December 19, 1996 order, granting defendants' partial summary judgment and dismissing some claims, on March 26, 1998. *See* Kennedy v. Goldin, 140 F.3d 1043 (11th Cir. 1998). The stay in that action has not yet been lifted.

[3]Kennedy filed a first amended complaint on January 29, 1998 in response to defendants' letter pointing out that his original complaint reasserted claims already adjudicated in his two prior actions.

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the

2

omitted). In *Pardee*, the Fifth Circuit held that, where "an effort is made to comply with [a court's order for more definite statement], the insufficiency of the effort does not justify automatic dismissal of the action." *Pardee*, 605 F.2d at 866. This principle reflects due consideration for the "extenuating circumstance[] that it was written by a lay litigant appearing *pro se*...." *Id.* at 866-67 (citation and internal quotation marks omitted).

On the other hand, Bobby Wayne Kennedy is not the average, totally inexperienced lay litigant. He has pressed similar claims before this court and on appeal to the Eleventh Circuit on two prior occasions. In any event, Kennedy's *pro se* status cannot breathe new life into claims that previously have been adjudicated on the merits; the bar of *res judicata* is not so easily overcome. As explained below, identical claims between identical parties which already have been adjudicated on the merits may not be relitigated. Twice before, plaintiff has been warned that his *pro se* status is not an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overcrowded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). For such reasons, this court is not as inclined as it would be in the case of the average lay litigant to indulge Mr. Kennedy's attempt to take a third bite at the same apple.

---

former Fifth Circuit handed down prior to October 1, 1981.

3

This court first will attempt to decipher the claims asserted by Kennedy in the second amended complaint filed herein. After doing that, the court then will compare those claims to the claims asserted by him in the 1994 and 1995 actions, to determine whether any are barred by the doctrine of *res judicata*.

**B.   Plaintiff's Claims in the Present Action**

Upon first reading, plaintiff's second amended complaint appears markedly similar to his original and first amended complaint: dense, conclusory, and lacking readily decipherable claims. Kennedy alleges violations of: (1) the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States; (2) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*;[5] (3) 42 U.S.C. § 1983 and § 1985; (4) §§ 501, 502, and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 792, and 794; (5) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, pursuant to 29 C.F.R. § 1614.204; (6) the Civil Service Reform Act of 1978, 5 U.S.C. §§ 2301, *et seq.* ("CSRA"); (7) the Whistleblower Protection Act, 5 U.S.C. §§ 1213 *et seq.*; and, (8) state law claims of fraud and defamation. Those claims are similar to — and, in some cases, identical to — claims disposed of in prior litigation.

**C.   Doctrine of *Res Judicata***

Under the doctrine of *res judicata*, "a final judgment on the

---

[5] The Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e-16(c)) brought federal employees within the scope of Title VII.

4

merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Invocation of the bar requires proof of four elements: (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) the parties, or those in privity with them, must be identical in both suits; and, (4) the same cause of action must be involved in both suits. *Ray v. Tennessee Valley Authority*, 677 F.2d 818, 821 (11th Cir. 1982), (citing *Stevenson v. International Paper Co.*, 516 F.2d 103, 108 (5th Cir. 1975)) *cert. denied*, 459 U.S. 1147, 103 S.Ct. 788.

The summary judgments rendered in CV-94-N-0016-M and CV-95-S-3323-M constitute judgments on the merits by competent courts of jurisdiction. *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2712, at 584-85. Additionally, this action involves the same parties as both previous actions. The only remaining question, then, is whether the present action raises the same causes of action as the two prior actions.

D. **Comparison with 1994 and 1995 Actions**[6]

Kennedy asserts numerous complaints of discrimination based upon age, race, sex, and disability. Kennedy's discrimination claims also were the subject of four administrative EEO complaints designated as Nos. 30J, 32J, 33, and 34. Those claims will be

---

[6]As noted in text on pages 1-2 *supra*, for purposes of simplicity and clarity, this court sometimes will refer to the two earlier civil actions, CV-94-N-0016-M and CV-95-S-3323-M, as the "1994 action" (or "complaint") and the "1995 action" (or "complaint"), respectively.

5

addressed together.

1. **Claims of discrimination**[7]

A comparison of paragraph ten of the present action with paragraph seven of the complaint filed in the 1994 action is instructive. The only differences in the text of each paragraph are identified by underlining.

| PRESENT COMPLAINT | 1994 COMPLAINT |
|---|---|
| 10. Plaintiff alleges that <u>since filing for these positions that have not been adjudicated</u> a pattern, practice, policy and conspiratorial intent exists of illegal employment practices within the agency whereby qualified, non-minority, male, over forty years of age, handicapped, more qualified, and more experienced employees are routinely non-selected for advancement in favor of persons who fulfill the agency's desire for a youthful (under forty years of age) nonhandicapped management corps and to meet the agency's desire for "diversity" and that those who file grievances and court suits face retaliation from agency management. Further, when a selection for advancement is made from within the over forty protected class the youngest applicant is almost invariably selected. Younger, nonhandicapped, less qualified employees are promoted to supervisory positions while older, handicapped, more qualified and more experienced employees are not promoted to such positions within the agency. <u>The plaintiff is a victim of reverse discrimination in employment because of affirmative action to place unqualified persons in positions that the plaintiff has qualified for</u>. | 7. Plaintiff alleges that a pattern, practice, policy and conspiratorial intent exists of illegal employment practices within the agency whereby qualified, <u>white</u>, non-minority, male, over forty years of age, handicapped, more qualified, and more experienced employees are routinely non-selected for advancement in favor of persons who fulfill the agency's desire for a youthful (under forty years of age) nonhandicapped management corps and to meet the agency's desire for "diversity" and that those who file grievances and court suits face retaliation from agency management sources. Further, when a selection for advancement is made from within the over forty protected class the youngest applicant is almost invariably selected. Younger, nonhandicapped, less qualified employees are promoted to supervisory positions while older, handicapped, more qualified and more experienced employees are not promoted to such positions within the agency. |

(See Second Amended Complaint (Doc. No. 11) ¶ 10 (emphasis

---

[7] The analysis which follows includes plaintiff's claims under Title VII, the ADEA, and §§ 501, 502, and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 792, and 794.

6

supplied); Defendants' Motion for More Definite Statement, Exhibit 1 ¶ 7 (emphasis supplied).)

It is readily apparent that plaintiff is attempting to render his present complaint justiciable by adding the phrase, "since filing for these positions that have not been adjudicated ...." This court notes, however, that such language — unaccompanied by any factual allegations which identify either "these positions" or the date(s) upon which Kennedy "filed" applications for each — would not likely suffice to defeat a properly supported motion for summary judgment. Indeed, plaintiff does not identify any positions or promotions for which he applied, and was denied, <u>after</u> the date on which his 1994 action was dismissed.

Similarly, paragraphs eleven, thirteen, fourteen, and fifteen in the present action borrow substantially from paragraphs eight, eleven, twelve, and thirteen of the 1994 complaint, respectively. To the extent plaintiff seeks, in the present action, to reopen claims resolved in the 1994 action, he plainly is barred from doing so by the doctrine of *res judicata*. A close comparison of the allegations in plaintiff's 1995 complaint reveals similar overlap with the claims asserted in the present action. For example, paragraphs nine, ten, and twelve through fifteen in the 1995 complaint are virtually identical to paragraphs ten through fifteen in the present action. The only difference appears to be the limiting language discussed above, which plaintiff inserted into the opening sentence of every allegation in the present action.

7

To avoid the bar of *res judicata*, any claims of a pattern, policy, or practice of discrimination based upon age, race, sex, or disability, or an act of retaliation, must be limited to time periods and discriminatory acts not covered by either the 1994 or 1995 actions. However, Kennedy has provided no dates on which the discriminatory acts asserted in this action allegedly occurred. Moreover, he does not allege that he applied for, but was denied any promotions after the dates covered by the two prior actions. Kennedy has failed to support his broad assertions with any specific factual allegations which could support a claim of discrimination, despite being ordered to file a more definite statement of his claim. Accordingly, plaintiff's claims in paragraphs ten through fifteen of this action based upon Title VII, the ADEA, or the Rehabilitation Act, and asserted in administrative EEO complaints 30J, 32J, 33, and 34, are due to be dismissed.

### 2. Constitutional claims pursuant to § 1983 and § 1985

Kennedy asserts defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. He brings the claims under the procedural vehicles of 42 U.S.C. § 1983 and § 1985.

As this court previously instructed Kennedy, however, "§ 1983 has no application to the federal government or its officers." *See Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557 n.4 (M.D. Ala. 1996).

8

Moreover, plaintiff's § 1983 and § 1985 claims are premised upon the same conduct for which Kennedy seeks redress under Title VII, the ADEA, and the Rehabilitation Act. "When the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." *Pfau v. Reed*, 125 F.3d 927, 933 (5th Cir. 1997). Indeed, this court instructed Kennedy on precisely that point in the 1995 action:

> In *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *See also Canino v. United States EEOC*, 707 F.2d 468 (11th Cir. 1983)(holding that former federal employees must bring all employment discrimination claims under Title VII). Additionally, the Eleventh Circuit and other circuits have held that the ADEA has similar preemptive force because it was modeled on, and has a similar purpose to, Title VII. *See Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983); *Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981), cert. denied, 462 U.S. 1131, 103 S. Ct. 3110 (1983); see also, *Dodson v. United States Army Fin. & Accounting Ctr.*, 636 F. Supp. 894, 895 (S.D. Ind. 1986)("the ADEA is the exclusive remedy for a federal employee who claims age discrimination).[8]
>
> Courts have also held that "§§ 501 and 504 of the Rehabilitation Act adopt the remedies and procedures, and thereby, the preclusive effect, of Title VII; therefore, allegations that state a claim under the Rehabilitation Act are not cognizable under any other provision of federal law." *Taylor v. Garrett*, 1992 WL 245933, at *5 (E.D. Pa. 1992); see also, *Johnson v. U.S. Postal Service*, 861 F.2d 1475, 1477 (10th Cir. 1988), cert. denied, 493 U.S. 811, 110 S.Ct. 54 (Rehabilitation Act is the exclusive remedy for handicap discrimination); *Boyd v. United States Postal Service*, 752 F.2d 410, 413 (9th Cir. 1985)(same).

---

[8] *See also* Oscar Mayer & Company v. Evans, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071 (1979)(instructing that when the legislative history indicates that the source of a section in the ADEA was a complementary section in Title VII, the two statutes are to be construed consistently).

9

(*Kennedy v. Goldin,* No. CV-95-S-3323-M, at 4-5 (N.D. Ala. Dec. 19, 1996)(unpublished opinion).)

Kennedy's § 1983 and § 1985 claims are premised on the same conduct for which he seeks relief under Title VII, the ADEA, and the Rehabilitation Act. Accordingly, this court determines—for the second time—that those three statutory schemes preclude Kennedy's § 1983 and § 1985 claims and, therefore, they are due to be dismissed.

Significantly, plaintiff does not assert his constitutional claims <u>directly</u> under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971), as he did in the 1995 action. Even if he had done so, the *Bivens* claims also would be barred by the availability of the exclusive remedies set out in Title VII, the ADEA, and the Rehabilitation Act. This court's dismissal of Kennedy's 1995 *Bivens* claims on similar grounds was affirmed by the Eleventh Circuit.

### 3. Tort claims

Plaintiff also asserts state law claims for fraud and defamation. Kennedy alleged similar claims for defamation, negligence, and libel in the 1995 action. In the prior action, this court instructed Mr. Kennedy as follows:

> The Supreme Court of the United States has held that a federal court has no subject matter jurisdiction over tort claims against the United States unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to 28 U.S.C. § 2675(a) of

10

> the Federal Tort Claims Act,[9] and that claim has been denied or deemed denied by operation of law. *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993); *see also Lykins v. Pointer, Inc.*, 725 F.2d 645, 646-47 (11th Cir. 1984).
> The requirement of filing an administrative claim is a jurisdictional prerequisite to suit and cannot be waived. *Brown v. United States*, 838 F.2d 1157, 1163 (11th Cir. 1988); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).[] Thus, Kennedy must show proof that he has complied with § 2675(a) in order to bring his tort claims against the United States. *Employees Welfare Committee v. E.H. Daws*, 599 F.2d 1375, 1378 n.6 (5th Cir. 1979)("There must be proof of timely written notice of the claim to the appropriate agency, which appears of record")(citations omitted).

(*Kennedy v. Goldin*, No. CV-95-S-3323-M, at 5-6 (N.D. Ala. Dec. 19, 1996)(unpublished opinion)(footnote omitted).)

Kennedy has neither alleged, nor presented any evidence that he filed an administrative claim with N.A.S.A., that N.A.S.A. denied the claim, or that six months have passed since a claim was filed, despite having been informed by this court that he must do so in order to assert tort claims against the federal government. Therefore, Kennedy's state law tort claims are due to be dismissed.

### 4. Civil Service Reform Act claims

Ordinarily, the Merit Systems Protection Board ("MSPB") has appellate jurisdiction only over the specific adverse employment

---

[9] 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

11

actions set forth at 5 C.F.R. § 1201.3. When one of the claims enumerated in that regulation is asserted in an individual right of action together with a related discrimination claim, the MSPB's review includes the merits of both claims. *See* 5 U.S.C. § 7701(c). Such "mixed" cases are properly appealed to federal district court. *See* 5 U.S.C. § 7702(b)(2). All other appeals from MSPB decisions, however, must be directed to the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1); *see also Wildberger v. Federal Labor Relations Authority*, 132 F.3d 784, 788 (D.C. Cir. 1998).

The MSPB also has limited appellate jurisdiction over an individual right of action involving an alleged whistleblowing reprisal. *See* 5 U.S.C. S 2302(b)(8). The scope of the Board's review in such an appeal, however, includes only the whistleblower-reprisal issue. *See Thompson v. Department of Justice*, 61 M.S.P.R. 364, 367 (1994). It does not include any related discrimination claims asserted therein.

Both AT-1221-96-0661-W-1 and AT-3443-98-0119-I-1 are limited jurisdiction whistleblowing appeals whose review did not include any related discrimination claims. Indeed, Kennedy was expressly advised of the Board's limited review in such cases on at least one occasion. During a telephonic prehearing conference on MSPB case No. AT-1221-96-0661-W-1 in which Mr. Kennedy participated, administrative law judge Ramon V. Gomez expressly stated: "I advised the parties that the scope of the Board's review in an

12

individual-right-of-action (IRA) appeal includes <u>only the whistleblower-reprisal issue</u>, and no other affirmative defenses, including discrimination and reprisal, may be asserted." (Board's Order of November 18, 1996, at 5 (attached to Defendants' Reply Brief)(emphasis supplied).)

Moreover, the final orders in both cases advised Mr. Kennedy that the proper avenue for appeal of the Board's decision was through the Federal Circuit. (*See* Plaintiff's Exhibit 1 at 4; Plaintiff's Exhibit 3 at 2.) Accordingly, this court concludes Kennedy's claims arising from MSPB cases AT-1221-96-0661-W-1 and AT-3443-98-0119-I-1 are not properly before this court, and are due to be dismissed.

## II. MOTION FOR SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides for sanctions which are designed to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)(*en banc*)(citation omitted). The standard for evaluating a motion for Rule 11 sanctions is "reasonableness under the circumstances." *Donaldson*, 819 F.2d at 1556.

The Eleventh Circuit has upheld an award of sanctions against a *pro se* plaintiff for attempting to "re-hash" claims made in prior litigation. *See Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988). In *Patterson*, the district court held that "a man of Patterson's education, given a reasonable amount of time in a law library,

13

could determine that once a judgment has been entered one cannot file another lawsuit to object to the conduct of the first." *Patterson*, 841 F.2d at 387 (citing *Patterson v. Aiken*, 111 F.R.D. 354, 357 (N.D. Ga. 1986)). The Eleventh Circuit upheld the sanctions even though they were imposed only as to a single count of a multiple count complaint. *Id.*

The court notes that Mr. Kennedy is a well-educated, experienced lay litigant who has been given every opportunity to correct his faulty pleadings. Indeed, he has repeatedly been advised that claims which already have been resolved on the merits may not be reasserted by filing a new cause of action. This court carefully instructed Mr. Kennedy regarding the doctrine of *res judicata* in his 1995 action, and once again in ordering a more definite statement of his claims in the present action. Nevertheless, Mr. Kennedy persists in asserting claims which already have been adjudicated, including claims based upon alleged violations of § 1983, § 1985, and state tort law.

Accordingly, this court finds that sanctions for Mr. Kennedy's conduct are appropriate under the circumstances. Defendants' motion for sanctions is due to be granted, and the costs of this action are due to be taxed to Mr. Kennedy.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is due to be granted. Defendants' motion for sanctions also is due to

14

be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 14th day of August, 1998.

                                              *[signature]*
                                        United States District Judge